IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FIKRET OSMANCEVIC | No. CV 07-1792-FJM-CRP |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| KATRINA KANE, | |
| Respondent. | |

On September 19, 2007, Fikret Osmancevic ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2241. (Doc 1). At the time Petitioner was housed at the immigration detention center in Eloy, Arizona. Petitioner argued the Department of Homeland Security ("DHS") held him in custody for over three years in violation of *Tijani v. Willis*, 430 F.3d 1241 (9th cir.2005). Petitioner requested the Court order him released or grant him a bond hearing. Respondent filed its Response to the Habeas Petition on December 21, 2007 and Petitioner filed a Reply on February 22, 2008. (Docs 9, 14).

**Procedural History**

Petitioner is a native and citizen of Bosnia-Herzegovina who became a lawful permanent resident on December 31, 2000. (Doc 9, Exhibit 1). On August 30, 2004, DHS

1 initiated removal proceedings against Petitioner, alleging he violated section 237(a)(2)(A)(iii)
2 of the Immigration and Nationality Act. (Doc 9, Exhibit 3). The removal proceedings
3 progressed with some points of delay when Petitioner requested time to obtain an attorney
4 and to apply for asylum. (Doc 9, pp 2-3). In a hearing on January 12, 2005, the Immigration
5 Judge determined Petitioner was not eligible for asylum. The Immigration Judge also
6 determined Petitioner was removable but because he was admitted to the United States as a
7 refugee and the conditions in Bosnia-Herzegovina had not changed, the Immigration Judge
8 granted Petitioner deferral of his removal. (Doc 9, Exhibit 6).

9 DHS subsequently filed a motion to reopen the case, arguing the conditions in Bosnia-
10 Herzegovina had changed and Petitioner should be removed. (Doc 9, Exhibit 7). At a June
11 2, 2005 hearing, the Immigration Judge found the conditions in Bosnia-Herzegovina had
12 changed and that Petitioner was not entitled to any relief from removal. (Doc 9, Exhibit 11).
13 Petitioner appealed this decision through multiple motions to reconsider, an appeal to the
14 Board of Immigration Appeals ("BIA"), and finally a petition for review to the Ninth Circuit
15 Court of Appeals. (Doc 9, Exhibits 12-22, 32).

16 On July 9, 2008, the Ninth Circuit denied Petitioner's Petition for Review and on
17 October 6, 2008, the Court issued the mandate. (Doc 16, Attachment 1). Respondent then
18 filed a Motion to Dismiss this Habeas Petition arguing Petitioner was now held under
19 mandatory detention pursuant to 8 U.S.C. § 1231(a)(2). The Court set a telephonic status
20 conference for January 27, 2009 to determine whether DHS effected Petitioner's removal.
21 (Doc 17). On December 9, 2008, Petitioner was removed from the United States to Bosnia.
22 (Doc 18, Attachment 1). Respondents now suggest the pending Habeas Petition is moot.
23 (Doc 18).

24 **Analysis**

25 Article III of the United States Constitution empowers federal courts to adjudicate
26 only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199
27 (1988). It is insufficient that the case-or-controversy requirement is satisfied when the suit
28 is filed, the requirement "subsists through all stages of federal judicial proceedings ... The

- 2 -

parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990) (internal quotations omitted.) Furthermore, if it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. *Picrin-Person v. Rison*, 930 F.2d 773, 775-776 (9th Cir.1991).

In the case before this Court, Petitioner challenges only the legitimacy of his continued detention and seeks, as his sole request, relief from it in the form of release or a bond hearing. As Respondent points out, Petitioner is no longer in custody. After the Ninth Circuit denied his appeal, Petitioner was removed to Bosnia on December 9, 2008. Petitioner, therefore, no longer has a personal stake in the outcome of this lawsuit. Additionally, the relief Petitioner requested, his release from continued detention, can no longer be granted by the Court. For these reasons, this case is moot.

**Recommendation**

The Magistrate Judge recommends that the District Court dismiss this Habeas Petition as moot. When the Ninth Circuit denied Petitioner's appeal and he was removed to Bosnia, it rendered the Habeas Petition moot.

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

If objections are filed, the parties should use the following case number: cv 07-1792-PHX-FJM.

DATED this 15th day of January, 2009.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE